# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**MARCUS A. STEVENS and MARY ANN McDEVITT**,

    Plaintiffs,

v.

**NGC INDUSTRIES, LLC.**,

    Defendant.

Civil Action No.  2:20-CV-001752

**Electronically Filed**

## STIPULATION FOR PROTECTION ORDER AND ORDER

WHEREAS Marcus A. Stevens, Mary Ann McDevitt and NGC Industries, LLC. have exchanged, and will continue to exchange, certain documents pursuant to the Federal Rules of Civil Procedure, as well as serve interrogatories, notices of depositions, and similar discovery requests, the responses to which counsel will reasonably submit may include the disclosure of personally identifiable information, protected health information, proprietary data, and/or confidential business information ("Confidential Information");

WHEREAS this Order governs the handling of all documents, testimony and information (including electronically stored information) produced, given or filed herein by the parties and designated or considered "Confidential" under this Stipulated Protective Order (hereinafter "Order");

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1.    In connection with this action, the parties may designate any document, thing, material, testimony or other information derived therefrom as "Confidential" under the

terms of this Order.  By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be discussed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

a. a party, or an officer, director, shareholder, or employee of a party reasonably deemed necessary by counsel for that party to aid in the prosecution, defense, or settlement of this action;

b. a party's liability insurer and its directors, officers, and employees;

c. experts or consultants (together with their staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

d. certified shorthand court reporter(s) engaged in this action;

e. a witness at any deposition or other proceeding in this action; and

f. any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order.

6. Depositions shall be taken only in the presence of qualified persons.

7. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as 'CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (f) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of

Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

8. Nothing herein shall impose any restrictions on a party from disclosing its own Confidential Material as it deems appropriate, nor from using or disclosing material that is in the public domain.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, the filing party must comply with Exhibit B to the Western District of Pennsylvania's Guide to Working with CM/ECF and the Western District of Pennsylvania's rules governing filing documents under seal, which includes seeking prior leave of court to file sealed documents and requires the parties to file a redacted version of the document on the public docket.

10. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall

not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

14. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of either party to challenge the propriety of discovery on other grounds.

SO STIPULATED.

Dated:   3/26/2021

| | |
|---|---|
| WOOMER & TALARICO, LLC. | DICKIE, McCAMEY & CHILCOTE, P.C. |
| By /s/ Christopher M. Halesey, Esquire | By: /s/ Christopher A. Lovato, Esquire |
| Christopher M. Halesey, Esquire | Christopher A. Lovato, Esquire |
| PA. I.D. # 322900 | PA I.D. # 208124 |
| 2945 Banksville Road | Two PPG Place, Suite 400 |
| Suite 200 | Pittsburgh, PA  15222 |
| Pittsburgh, PA  15216 | 412-281-7272 |
| 412-388-0848 | *Attorneys for*  Defendant |
| *Attorneys for Plaintiffs* | |

IT IS SO ORDERED:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
 Senior United States District Court Judge